JUDGE GRIESA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JIMMY JOHNSON,

              Plaintiff.

   -against-

THE CITY OF NEW YORK, DETECTIVE
ARNALDO RIVERA, UNDERCOVER
DETECTIVE C-0014 , and POLICE
OFFICER JOHN DOE,
Individually and in their Official Capacities,

              Defendants.
----------------------------------------------------------x

**11 CIV 8286**

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**



Plaintiff, JIMMY JOHNSON, by and through his attorneys, **Fisher, Byrialsen & Kreizer, PLLC,** complaining of the defendants herein, respectfully shows the Court and alleges:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK and DETECTIVE ARNALDO RIVERA, UNDERCOVER DETECTIVE C-0014, and POLICE OFFICER JOHN DOE as Officers of the New York City Police Department, acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988; by the United States Constitution, including its Fourth, Fifth, Eighth, and Fourteenth Amendments; and by the laws and Constitution of the State of New York.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory, and common laws of the State of New York.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

4. Plaintiff further invokes this Court's pendent jurisdiction over any and all state-law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

6. Plaintiffs demand a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. At all times relevant hereto Plaintiff JIMMY JOHNSON was and is a citizen of the United States and was residing in New York, New York at the time of the incident.

8. At all times relevant hereto defendant The City of New York (hereinafter, "NYC")

was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Police Department, which employs the other named Defendants.

9. At all times relevant to this action, Defendants DETECTIVE ARNALDO RIVERA, UNDERCOVER DETECTIVE C-0014 and POLICE OFFICER JOHN DOE are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacities.

10. At all times relevant hereto and in all their actions described herein, Defendants, Detective Rivera, Undercover Detective C-0014 and POLICE OFFICER JOHN DOE were acting under color of statutes, ordinances, regulations, policies, customs, and usages of the NYPD and NYC, pursuant to their authority as employees, servants, and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents, and police officers.

11. NYC was responsible for the hiring, training, supervision, discipline, retention, and promotion of the police officers, sergeants, and/or employees of the NYPD. They are being sued both in their individual and official capacity.

## FACTS

12. On December 10, 2009, at approximately 5:10 p.m., Plaintiff, an African American male, was seated in the driver's seat of his vehicle in the vicinity of Amsterdam and 63rd Street in Manhattan.

13. Plaintiff's daughter and his friend Daurell Chavis (hereinafter, "Chavis"), were inside the vehicle with Plaintiff.

14. The defendants approached the car with their guns drawn and ordered Plaintiff and

Chavis out of the car.

15. Defendants told plaintiff that his car matched the description of a vehicle involved in a shooting.

16. Prior to and at the time they were ordered out of the car, neither Plaintiff, nor anyone else in the vehicle were doing anything suspicious or apparently illegal.

17. Defendants then searched the person of Plaintiff and Chavis and also searched the entire vehicle.

18. Defendants found 21 Ziplocks of crack cocaine in Chavis' underwear and 8 small Ziplock bags of marijuana in Chavis' coat pocket.

19. Defendants did not recover any drugs or any other illegal contraband from Plaintiff or from the inside of Plaintiff's car.

20. Plaintiff was then handcuffed and taken to the police precinct, where he remained for many hours.

21. Plaintiff was then transported to Manhattan central booking where he was further detained.

22. In New York County Criminal Court, Mr. Johnson was arraigned on charges of Criminal Sale of a Controlled Substance in the Second Degree, Criminal Possession of a Controlled Substance in the Third Degree and Criminal Sale of a Controlled Substance in or Near School Grounds and the judge set significant bail based in part on the allegations sworn to by the defendants.

23. Plaintiff spent nine and a half months in jail before he was released on bail.

24. The case proceeded to trial and on February 9, 2011 the jury acquitted the Plaintiff of all the charges and the judge ordered that his case be dismissed and sealed.

25. During the nine and a half months Plaintiff was incarcerated, he missed the birth of his son, he could not assist his mother while she was hospitalized and his small business was ruined.

### FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

26. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

27. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

28. All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

29. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

32. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually and jointly liable.

### SECOND CLAIM FOR RELIEF: FALSE ARREST

33. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

34. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper, and false seizure and arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege, or consent.

35. As a result of his false arrest, Plaintiff was subjected to humiliation, mental anguish, ridicule, and disgrace and was deprived of his liberty. Plaintiff was discredited in the minds of many members of the community.

36. All of the aforementioned acts of the Defendants constituted false arrest under the laws of the State of New York and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

### THIRD CLAIM FOR RELIEF: FALSE IMPRISONMENT

37. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

38. As a result of his false imprisonment, Plaintiff was subjected to humiliation, ridicule, mental anguish and disgrace and was deprived of his liberty. Plaintiff was discredited in the minds of many members of the community.

39. All of the aforementioned acts of the Defendants constituted false imprisonment under the law of the State of New York and the Defendants are liable said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

### FOURTH CLAIM FOR RELIEF: MALICIOUS PROSEUCTION

40. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

41. By the actions described above the defendants maliciously and without probable cause, prosecuted the Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

42. As a result of the foregoing, plaintiff was deprived of his liberty, suffered loss of substantial wages, great humiliation, costs and expenses, and was otherwise damaged and injured.

### FIFTH CLAIM FOR RELIEF MUNICIPAL LIABILITY

43. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

44. The acts complained of herein were carried out by the Defendant officers in their

capacities as police officers, employees and officials pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said departments.

45. Prior to December 10, 2009, NYC and NYPD developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in NYC, which caused the violation of Plaintiff Johnson's rights.

46. It was the policy and/or custom of NYC and NYPD to inadequately and improperly train and supervise its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

47. It was the policy and/or custom of NYC and NYPD to inadequately and improperly investigate complaints of misconduct against police officers filed by people in police custody, and acts of misconduct were instead tolerated by NYC, including, but not limited to the following incidents: assault and battery, harassment, negligence, intentional infliction of emotional distress and deliberate indifference to medical needs.

48. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff Jimmy Johnson.

49. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

50. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

51. As a result of the above described policies and customs, police officers of NYPD, including the defendant officers, believed that their actions would not be monitored by supervisory officers and that their own misconduct would not be investigated or sanctioned, but instead would be tolerated.

52. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

53. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate officers and were directly responsible for the violation of Plaintiff's constitutional rights.

54. Defendants NYC, as municipal policymakers in the training and supervision of Defendant police officers/employees, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from deprivation of Liberty without Due process of law in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

55. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

    c. To be protected against violations of his civil and constitutional rights;

    d. Not to have cruel and unusual punishment imposed upon him; and

    e. To receive equal protection under the law.

## SIXTH CLAIM FOR RELIEF:
## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
## UNDER 42 U.S.C. § 1983, 1985, 1986

56. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

57. All the defendants, acting with each other individually and on behalf of and under the auspices and control of the City, and under color of law, conspired to injure plaintiff in his person and property and deprive plaintiff of his First, Fourth, Fifth and Fourteenth Amendment rights. The defendants jointly caused such deprivation of rights by acting in concert to disseminate false information concerning the plaintiff and by disseminating false information that lacked any reasonable basis or probable cause to support it that the plaintiff committed a crime, and/or to charge him with a crime, and/or to arrest him.

58. The defendants further deprived the plaintiff of his due process rights specifically by conspiring to and assisting in the arrest of the plaintiff without probable cause and participating in the prosecution of plaintiff; by denying the plaintiff his First, Fourth, Fifth and Fourteenth Amendment rights via a conspiracy to deprive the plaintiff of his liberty and taking his property without due process and compensation; conspiring together to cover up the misconduct they committed; and preventing the plaintiff from being compensated for his wrongful arrest, for the loss of his constitutional rights, the loss of his job and for the emotional harm he incurred.

59. The aforesaid actions by the defendant police officers were done pursuant to an official municipal policy or custom of the city and state, which policy involved the indiscriminate detention, interrogation, intimidation, denial of medical attention, and prosecution of individuals who were not engaged in criminal conduct, and for the purpose of thwarting the fair administration of justice.

60. The defendants' failure to stop these wrongful acts and actions constitutes a breach of their duty to do so under 42 U.S.C. § 1986.

61. The defendants knew or should have known that the misconduct and false and fabricated accusations and/or charges against plaintiff were violative of his First, Fourth, Fifth and Fourteenth Amendment rights to due process and equal protection, and were tantamount to unequal protection under the law, in violation of the plaintiff's fundamental rights under the Constitution.

62. Said defendants had the power to prevent the continued due process violations against the plaintiff, yet had failed to prevent the dissemination of false information and/or to dismiss the fabricated accusations and charges against plaintiff, and/or to protect the plaintiff from the unwarranted and potential harm and penalties of said charges.

63. Defendants herein, their agents, servants and employees, motivated in part by racial and/or ethnic animus, conspired to deprive plaintiff of his federal civil and constitutional rights, in violation of 42 U.S.C. § 1985.

64. All of the aforementioned acts of Defendants constituted a violation of Plaintiff's civil rights provided to him under the United States Constitution and 42 U.S.C. § 1983, 1985, and 1986.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Compensatory damages in the amount of ONE MILLION ($1,000,000.00)

DOLLARS; and

    2. Punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS; and

    3. Reasonable attorney's fees and costs; and

    4. Such other and further relief as this Court deems just and proper.

DATED:    New York, New York
             November 14, 2011

Respectfully submitted,

_____
Alissa Boshnack, Esq. (AB0977)

Fisher, Byrialsen & Kreizer, PLLC
*Attorney for Plaintiff*
291 Broadway, Suite 709
New York, New York 10007
(212) 962-0848